FILED
Jul 05, 2018
07:23 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | |
|---|---|
| CARRIE LINNEN, | ) Docket No. 2018-02-0219 |
| Employee, | ) |
| v. | ) |
| COUNTRY CLUB OF BRISTOL, | ) State File No. 76324-2014 |
| Employer, | ) |
| and | ) |
| QB INS. CORP., | ) Judge Brian K. Addington |
| Carrier. | ) |
| | ) |

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

On June 28, 2018, the Court conducted an Expedited Hearing at Carrie Linnen's request. At issue is her entitlement to a new physician panel. Country Club of Bristol asserted it has no obligation to provide a second panel because the authorized physician, Dr. John Testerman, has not declined treatment. The Court holds that Ms. Linnen established that she is likely to succeed at a hearing on the merits in proving her entitlement to a new panel.

### History of Claim

Ms. Linnen dislocated her left patella when she fell descending a ramp at Country Club on September 20, 2014. She selected Dr. John Testerman from a panel after Country Club accepted the claim. Ms. Linnen suffered a recurrent dislocation of the patella, and Dr. Testerman eventually operated to correct it.

However, Ms. Linnen continued to experience symptoms of pain, swelling and instability following surgery. Dr. Testerman noted a significant change in symptoms in September 2015 and ordered an MRI. The MRI results showed marked thickening and edema of the patellar tendon. Dr. Testerman noted the MRI results were "very disconcerting," and ordered a deep culture and biopsy of the tendon and hardware removal. The tests were "normal," so Dr. Testerman referred Ms. Linnen to "Vanderbilt"

for a second opinion and further evaluation.

Dr. Charles Cox at Vanderbilt University Medical Center ordered physical therapy with an "emphasis on eccentric quadriceps training" and prescribed a topical gel. Dr. Cox noted, "[S]urgery should only be considered as a last resort as there is a reasonable probability that she will still have pain and dysfunction[.]"

When Ms. Linnen returned to Dr. Testerman, she showed little improvement despite the additional therapy. Dr. Testerman ordered work-hardening therapy and a functional capacity evaluation, which indicated she could perform medium level work. Dr. Testerman placed Ms. Linnen at MMI on December 16, 2016, and assigned permanent work restrictions for kneeling and squatting.

Ms. Linnen became pregnant in early 2017, and Dr. Testerman suspended treatment. Postpartum, she returned to him with radicular complaints down her left leg along with knee pain and swelling. An MRI ruled out any back issues, and in December, Dr. Testerman noted, "there is nothing left to fix with the knee." Since that time Ms. Linnen saw Dr. Testerman with continued complaints of instability,[1] pain and swelling. She testified that he will not examine or touch her knee but will only discuss her symptoms. He referred her again to Dr. Cox in March 2018 because, "I have exhausted everything I know to do or to look for." Presently, Ms. Linnen self-treats with ice and heat when her leg swells.

On May 7, 2018, Dr. Testerman responded to Ms. Linnen's attorney regarding her treatment plan. He stated, "Apparently Dr. Cox at Vanderbilt has declined to see her again. I have nothing to offer her as far as treatment or diagnostic intervention." He added that she could seek another opinion or live with her symptoms. He stated he saw no reason to see her unless her symptoms significantly changed. Based on Dr. Testerman's statements, Ms. Linnen filed a Request for Expedited Hearing seeking another panel.

**Findings of Fact and Conclusions of Law**

To prevail at an expedited hearing, Ms. Linnen must provide sufficient evidence from which this Court can determine that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1).

Ms. Linnen requests a new panel. She acknowledged she is neither dissatisfied with Dr. Testerman's care nor has Country Club refused to provide the treatment Dr. Testerman recommended. Rather, Ms. Linnen asserted that Dr. Testerman did all he can

---

[1] The instability caused her to fall.

do to help her. Dr. Testerman tried to refer her back to Dr. Cox, but according to the parties and Dr. Testerman, Dr. Cox will not see her.[2]

The Court reviewed Dr. Testerman's notes, and he repeatedly stated he has nothing to offer her unless her symptoms change. Her current, serious symptoms are buckling, pain, and swelling of her knee. Ms. Linnen consistently attempted to treat the symptoms on her own, yet they continue. Instead of stating Mr. Linnen does not need treatment, Dr. Testerman acknowledged the problems and stated he has nothing to offer. Yet, he informed Ms. Linnen that she may return to him when her symptoms change.

The Court is mindful of precedent regarding physician panels. The Appeals Board found that an employee is entitled to a new panel when the authorized physician places an employee at MMI, states the employee needs no further treatment, and refuses to see the injured employee. *Limberakis v. Pro-Tech Security, Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *3-4, 9-10 (Sept. 12, 2017). However, an injured employee is not entitled to a new panel of physicians when the authorized treating physician has not refused to see the injured employee. *Baker v. Electrolux*, 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *8-9 (Oct. 20, 2017). Nevertheless, the *Baker* court hinted that it might have made a difference if the treating physician in that case were "unable or unwilling to treat the employee." *Id.* at * 9-10.

At this interlocutory stage, Ms. Linnen presented sufficient evidence to establish that Dr. Testerman gave up addressing her current complaints. He is unwilling to physically examine her injured leg or offer other treatment options. He tried unsuccessfully to refer her to another physician. The Court finds Ms. Linnen is likely to prove at a hearing on the merits that Dr. Testerman is unable and unwilling to treat her current complaints and holds she is entitled to a new panel of orthopedic surgeons.[3]

**IT IS, THEREFORE, ORDERED** as follows:

1. Country Club shall provide Ms. Linnen a panel of orthopedic surgeons.

2. The Court sets this for a Scheduling Hearing on **August 23, 2018, at 10:30 a.m. Eastern Time.** You must call 855-543-5044 to participate in the Hearing. Failure to call may result in a determination of the issues without your further participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance

---

[2] Neither party introduced records from Dr. Cox saying he will not see Ms. Linnen.

[3] The Court's Order is not for a second opinion, as Dr. Testerman has not given an opinion on which treatment, if any, might help Ms. Linnen. Rather he merely expressed an inability to offer Ms. Linnen anything.

with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED THIS THE 5th DAY OF JULY 2018.**

       /s/Brian K. Addington
       **JUDGE BRIAN K. ADDINGTON**
       **Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Affidavit of Carrie Linnen with attached Medical Records
2. First Report of Injury
3. Wage Statement
4. Physician Panel
5. Final Medical Report
6. Medical Records of Drs. John Testerman and Charles Cox

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Notice of Expedited Hearing
5. Ms. Linnen's Response and Position Statement
6. Country Club of Bristol's Response to Employee's Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on July 5, 2018.

| Name | Certified Mail | Fax | Email | Sent to: |
|------|---------------|-----|-------|----------|
| Gregory Haden, Employee's Attorney | | | X | ghaden@hsdlaw.com |
| Kimberly Greuter, Employer's Attorney | | | X | kgreuter@allenandnewman.com |

Penny Shrum, Court Clerk
Wc.courtclerk@tn.gov

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

**Type of Case** [Check the most appropriate item]

☐  Temporary disability benefits
☐  Medical benefits for current injury
☐  Medical benefits under prior order issued by the Court

**List of Parties**

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee


Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellee ***


## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.


[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | |
|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

    Groceries       $ _____ per month    Telephone    $ _____ per month

    Electricity      $ _____ per month    School Supplies $ _____ per month

    Water        $ _____ per month    Clothing     $ _____ per month

    Gas         $ _____ per month    Child Care   $ _____ per month

    Transportation  $ _____ per month    Child Support  $ _____ per month

    Car         $_____ per month

    Other       $ _____ per month (describe: _____ )

10. Assets:

    Automobile        $ _____    (FMV) _____

    Checking/Savings Acct. $ _____

    House           $ _____    (FMV) _____

    Other           $ _____    Describe:_____

11. My debts are:

Amount Owed            To Whom

_____      _____

_____      _____

_____      _____

_____      _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____